IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| DORA A.,[1] | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §    Civil Action No. 6:20-CV-0078-H-BU |
| | § |
| KILOLO KIJAKAZI | § |
| Acting Commissioner of Social Security | § |
| Defendant. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Dora A. seeks judicial review of a final adverse decision of the Commissioner of Social Security ("the Commissioner") pursuant to 42 U.S.C. § 405(g). Dkt. No. 1. Under Special Order No. 3-251 of this Court, this case was automatically referred for the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendation of dispositive matters. *See* Dkt. No. 4. The parties have not consented to proceed before a magistrate judge.

For the reasons explained below, the undersigned recommends that the Court reverse the Commissioner's decision and remand this case for further administrative proceedings.

I.     BACKGROUND

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial

1

Plaintiff alleges that her disability began April 1, 2014. *See* Administrative Record, Dkt. No. 15-1 ("Tr.") at 10. Plaintiff initially applied for Title II disability and disability insurance benefits on September 18, 2017, and submitted a Title XVI application on September 21, 2017, for supplemental security income. *Id.* Her application was initially denied on November 29, 2017, and again upon reconsideration on April 2, 2018. *Id.*; Tr. at 270, 211. Plaintiff challenged the denial and requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at 10, 270. That hearing was held on July 29, 2019, in San Angelo, Texas, with the ALJ sitting remotely in Fort Worth, Texas. Tr. 132-62.

At the time of the hearing, Plaintiff was 49 years old. Tr. 136. She graduated high school. Tr. 137. She had past work experience as a newspaper carrier, customer service representative, receptionist, and general salesperson. Tr. at 18, 137-39.

The ALJ found that Plaintiff was not disabled and was not entitled to disability benefits. *See* Tr. 10-20 ("ALJ Decision"). At step one of the analysis, the ALJ found Plaintiff had not engaged in substantial gainful activity since April 1, 2014, the alleged disability onset date.[2] Tr. 13. At step two, the ALJ found that Plaintiff had several severe impairments including a history of malignant neoplasm of the thyroid status post removal of thyroid; diabetes mellitus with neuropathy; status post total knee replacement; severe neural foraminal stenosis on left T1-2; migraines; obesity; chronic laryngitis; carpal tunnel syndrome; and degenerative changes of bilateral acromioclavicular joints. *Id.* At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that

---

[2] As discussed further below, the Commissioner employs a five-step analysis in determining whether claimants are disabled under the Social Security Act.

met the severity required in the Social Security regulations. Tr. 13-15. The ALJ also determined the Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations:

> "[L]ift and/or carry 20 pounds occasionally and 10 pounds frequently; sit six hours in an eight-hour workday; stand and/or walk for a combined two hours in an eight-hour workday; occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds; occasionally balance, stoop, kneel, crouch and crawl; never reach above shoulder level with the non-dominant left upper extremity; frequently reach in all other directions with the non-dominant left upper extremity; frequently reach in all directions with the dominant right upper extremity; frequently handle and finger with both upper extremities. The claimant is limited to no more than occasional communication over the telephone. The claimant must be able to use a hand-held assistive device, such as cane, for ambulation."
> Tr. 15.

The ALJ based her opinions on the medical records, reports from Plaintiff's treating physician, an examining physician, the Social Security Administration's ("SSA") non-examining consultants, the Plaintiff's testimony, and Plaintiff's mother's testimony. Tr. 15-18. At step four, the ALJ found that Plaintiff could not return to her past relevant work as a newspaper carrier, receptionist, customer service representative, or a general salesperson. Tr. 18-19. The ALJ then considered Plaintiff's age, education, her RFC, and the testimony of a vocational expert to determine that there were jobs in the national economy that exist in significant numbers that Plaintiff can perform. Tr. 19. Accordingly, the ALJ determined that Plaintiff had not be under disability as defined by the Social Security Act, for the period in question. Tr. 20.

Plaintiff appealed the ALJ's decision to the Appeals Council, the Council affirmed, and Plaintiff timely filed this action in federal district court.

## II. LEGAL STANDARDS

Judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied to evaluate the evidence. See 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

Substantial evidence means more than a scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). While a reviewing court must scrutinize the administrative record to ascertain whether substantial evidence supports the Commissioner's findings, it may not reweigh the evidence, try issues de novo, or substitute its own judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citing 42 U.S. § 405(g)). A reviewing court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

To be entitled to Social Security benefits, a claimant must show that he is disabled within the meaning of the Act. *Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir. 1995); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

In evaluating a disability claim, the Commissioner has promulgated a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the Social Security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. *See* 20 C.F.R. § 404.1520; *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007).

Under the first four steps of the analysis, the burden lies with the claimant to prove disability. *Leggett*, 67 F.3d at 564. Once the claimant satisfies his or her initial burden, the burden shifts to the Commissioner at step five to show that there is other gainful employment in the national economy that claimant is capable of performing. *Greenspan*, 38 F.3d at 236. If the Commissioner shows that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4).

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557 (citing *Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir. 1989) (per curiam)); *see also Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). If the ALJ does not satisfy this duty, the resulting decision is not substantially

justified. *See id*. However, the Court does not hold the ALJ to procedural perfection. *See Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) Instead, a court will only reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record and only if that failure prejudiced Plaintiff. *Id*. That is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728–29 (5th Cir. 1996).

### III.  ANALYSIS

Plaintiff challenges the ALJ's decision on three grounds: (1) the ALJ's residual functional capacity assessment failed to include functional limitations resulting from impairments that the ALJ found to be severe; (2) there is no medical opinion evidence to support the ALJ's determination of Plaintiff's manipulative and reaching abilities; and (3) the ALJ improperly rejected medical opinions from Plaintiff's treating physicians when determining the RFC. Dkt. No. 17 at 2-3. Because the second ground raised by Plaintiff compels remand, the undersigned does not address the other two issues.

Plaintiff argues the ALJ substituted her own judgment as to Plaintiff's functional limitations for her manipulative and reaching abilities. *Id.* at 14-18. Plaintiff claims there is no medical evidence to support the ALJ's conclusion that Plaintiff can never reach above shoulder level with the non-dominant left arm but can frequently reach in all other directions and can frequently reach in all directions with her dominant right arm. *Id.* at 15. Plaintiff goes on to explain that the treating physician, Dr. Kristi Edwards, noted Plaintiff

could reach overhead less than 20 percent of the time bilaterally and in front of her body fifty percent of the time. *Id.* The SSA's non-examining medical consultants found no manipulative or reaching limitations. Tr. 18, 169, 194. Therefore, Plaintiff argues the ALJ improperly substituted her own medical judgment for Plaintiff's manipulative and reaching abilities. Dkt. No. 17 at 17.

In response, the Commissioner argues the ALJ properly determined Plaintiff's RFC when the record is considered as a whole. Dkt. No. 18 at 6. The Commissioner claims the ALJ considered all the medical opinions from Dr. Edwards, the SSA physicians, and the medical records to craft the limitations. *Id.* at 7. The Commissioner points out that the ALJ is not required to use a pre-formulated limitation from any one source but instead must resolve the conflicts in the opinions. *Id.* Additionally, the Commissioner argues that the SSA definition for frequently is "occurring from one-third to two-thirds of the time" and therefore the ALJ's limitations account for Dr. Edwards's opinion. *Id.* at 8 (citing SSR 83-10, 1983 WL 31251, at *6 (1983)).

In her reply, Plaintiff concedes the RFC does not have to mirror any one medical opinion but must nevertheless be supported by evidence. Dkt. No. 19 at 4. Plaintiff also points out that the use of the term "frequently" would mean Plaintiff would reach anywhere between one-third and two-thirds of the time, meaning Plaintiff would reach more than 50 percent, and thus is a greater amount than Dr. Edwards proscribed. *Id.* at 4-5.

The purpose of an RFC is to determine the most an individual can do despite their limitations. SSR 96-8P, 1996 WL 374184, at *1 (1996). To determine an individual's RFC, an ALJ will consider all evidence and then determine what evidence is consistent and if

that evidence is sufficient to determine disability. 20 C.F.R. § 404.1520b(a). The ALJ will also determine what evidence is incomplete or inconsistent and how to best evaluate and manage that evidence or whether to use that evidence at all. *Id.* at (b)-(c).

An ALJ is under a duty to "develop the facts fully and fairly relating to an applicant's claim for disability benefits." *Ripley*, 67 F.3d at 557. It is impermissible for an ALJ to rely on their own medical opinions to develop factual findings. *Williams v. Astrue*, 355 Fed. App'x 828, 832(5th Cir. 2009). The ALJ needs to both understand what condition or conditions Plaintiff suffers from and how those conditions limit Plaintiff's ability to work. *See Ripley*, at 557-58. Importantly, a plaintiff must show that they were prejudiced by the ALJ's independent determination. *Keel v. Saul*, 986 F.3d 551, 555 n.3 (5th Cir. 2021).

Here, the ALJ arrived at an RFC without any explanation for the medical evidence presented and any conflicting opinions. Tr. 15. Dr. Edwards gave specific limitations and the SSA doctors gave no limitations. While the ALJ explained she would not consider the check-box form from the treating physician, the ALJ did not explain how she arrived at the RFC or what evidence she relied on to come up with the limitations.[3] Tr. 18. It appears the ALJ interpreted the medical records to create a compromise, which is an incorrect interpretation of an ALJ's responsibilities. *See Ripley*, at 557-58.

Although the record includes evidence establishing that Plaintiff has severe impairments of degenerative changes of the bilateral acromioclavicular joints it does not

---

[3] It is important to note the form was given with the treating notes and references to other medical documents. So, to say these records were unsubstantiated is incorrect.

clearly establish the effect of that condition on Plaintiff's ability to work or functional capacity. *See* Tr. 13. The Commissioner argues that the medical evidence substantially supports the ALJ's conclusions on this issue. But without reports from qualified medical experts, the Court is unable to agree. And "[w]hile the ALJ may choose to reject medical sources' opinions, he cannot then independently decide the effects of Plaintiff's . . . impairments on her ability to perform work-related activities, as that is prohibited by *Ripley*. . . . Rather, at that point, it became incumbent upon the ALJ to obtain an expert medical opinion about the types of work tasks that Plaintiff could still perform given her impairments." *Thornhill v. Colvin*, 3:14-CV-335-BN, 2015 WL 232844, at *10 (N.D. Tex. Jan. 16, 2015) (*citing Ripley*, 67 F.3d at 557-58; *Williams*, 355 Fed.Appx. at 831-32.

Without an explanation as to how the ALJ arrived at Plaintiff's manipulative and reaching abilities, this Court cannot find the RFC was based on substantial evidence. The Plaintiff is correct in that the current RFC calls for the Plaintiff to reach between 50 percent and 66 and 2/3 percent of the time where the treating physician. Additionally, this clearly prejudices the Plaintiff because it may be the difference between her ability to perform light work as suggested by her RFC and correct limitations or even disability.

Where, as here, an ALJ commits a *Ripley* error, remand "is appropriate only if [plaintiff] shows that [she] was prejudiced." *Ripley,* 67 F.3d at 557. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Id.* at 558 n.22. Here, this standard is met where the evidence before the ALJ demonstrates that Plaintiff suffered from physical impairments that may have affected her

9

ability to work. *See Johns v. Colvin*, 3:13-CV-4420-N-BH, 2015 WL 1428535, at *20 (N.D. Tex. Mar. 30, 2015) (finding that the ALJ could have reached a different disability determination had she fully developed the record and obtained an expert medical opinion regarding the effects of the plaintiff's mental condition on his ability to work).

For the foregoing reasons, the undersigned RECOMMENDS that the hearing decision be REMANDED. Because all parties have not consented to proceed before a United States Magistrate Judge, the undersigned directs the Clerk of Court to REASSIGN this case to United States District Judge Wesley James Hendrix in accordance with normal procedures.

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the hearing decision and this case REMANDED to the Commissioner of Social Security for further proceedings consistent with these findings and conclusions Because all parties have not consented to proceed before a United States Magistrate Judge, the undersigned directs the Clerk of Court to REASSIGN this case to United States District Judge Wesley James Hendrix in accordance with normal procedures.

## V.  RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which

objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific or sufficient. Failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except on grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 9th day of November, 2021.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE